IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OMAR ALOMARI**,

      Plaintiff,

  -vs-

**OHIO DEPARTMENT OF PUBLIC SAFETY**, et al.

      Defendants.

Case No. 2:11-CV-613

JUDGE MARBLEY

MAGISTRATE JUDGE DEAVERS

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Ohio Department of Public Safety, Thomas P. Charles, Thomas J. Stickrath and William F. Vedra, Jr., by and through counsel, answer Plaintiff's Complaint as follows:

1. Defendants admit that Plaintiff purports to bring claims for compensatory, non-economic and punitive damages, as well as injunctive relief, related to the termination of his employment with the Ohio Department of Homeland Security ("OHS"), a division of the Ohio Department of Public Safety ("DPS"). Defendants deny that Plaintiff's employment was terminated because of his race, national origin/ethnicity or religion, or for retaliation for any protected activity, or for any other unlawful reason, and Defendants deny they have any liability to Plaintiff under any federal, state or local laws. All allegations in ¶ 1 of Plaintiff's Complaint not specifically admitted herein are denied.

2. Defendants admit that Plaintiff invokes the jurisdiction of this Court under federal law, but deny any liability to Plaintiff under any federal laws, or the United States Constitution.

3. Defendants admit that venue is proper in the United States District Court for the Southern District of Ohio, Eastern Division.

4. Admitted.

5. Admitted.

6. Defendants admit that Thomas Charles is the current Director of the Ohio DPS, but deny any liability to Plaintiff and deny that Plaintiff has a right to reinstatement to his former position with the Ohio DPS in the OHS Division.

7. Defendants admit that Thomas Stickrath served as the Director of the Ohio DPS from approximately May 2010 to January 2011. Defendants deny any allegations in ¶ 7 of Plaintiff's Complaint not specifically admitted herein.

8. Defendants admit that William Vedra served as Executive Director of OHS from approximately June 2007 until January 2011, and that he served as Plaintiff's direct supervisor during that time. Defendants deny any allegations in ¶ 8 of Plaintiff's Complaint not specifically admitted herein.

9. Defendants admit that Plaintiff self-identifies his race and ethnicity as Arab, and his religion as Muslim. Defendants deny any allegations in ¶ 9 of Plaintiff's Complaint not specifically admitted herein for lack of knowledge.

10. Defendants admit that Plaintiff initially worked for OHS on a contractual basis and was eventually hired as a full-time employee of OHS and the Ohio DPS.

Defendants deny any allegations in ¶ 10 of Plaintiff's Complaint not specifically identified herein.

11. Defendants admit that John Overly is a former Director of OHS. Defendants deny any allegations in ¶ 11 of Plaintiff's Complaint not specifically identified herein.

12. Defendants admit that Plaintiff was hired as a full-time employee of OHS in 2006.

13. Admitted.

14. Defendant Ohio DPS and OHS regularly receive public records request pursuant to Ohio law. Defendants deny any allegations in ¶ 14 not specifically admitted herein.

15. Defendants deny the allegations in ¶ 15 of Plaintiff's Complaint for lack of knowledge.

16. Defendants deny the allegations of ¶ 16 of Plaintiff's Complaint for lack of knowledge.

17. Plaintiff regularly made presentations on behalf of OHS as part of his responsibilities as head of the Office of Multicultural Affairs and Community Engagement Office. Defendants deny any allegations in ¶ 17 of Plaintiff's Complaint not specifically admitted herein.

18. Denied.

19. Denied.

20. Defendants deny the allegations of ¶ 20 of Plaintiff's Complaint for lack of knowledge.

21. Defendants admit that an agency named "Central Ohio Terrorism Early Warning Group" exists, and receives federal funding. Defendants deny any allegations in ¶ 21 not specifically admitted herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants deny the allegations in ¶ 27 of Plaintiff's Complaint for lack of knowledge.

28. Defendants admit that some local law enforcement jurisdictions in Ohio receive federal funds that pass through the State of Ohio through OHS, but OHS has little discretion in how those funds are distributed. Defendants deny any allegations in ¶ 28 of Plaintiff's Complaint not specifically admitted herein.

29. Defendants admit that Columbus Police Academy held a training session around early 2010 where OHS's community engagement efforts were discussed. Defendants deny any other allegations in ¶ 29 of Plaintiff's Complaint not specifically admitted herein.

30. Defendants admit that Plaintiff requested a meeting with DPS legal counsel about issues related to the Columbus Police Academy presentation. Defendants deny any other allegations in ¶ 30 of Plaintiff's Complaint not specifically admitted herein.

31. Denied.

32. Defendants admit that much of the information in Plaintiff's DPS personnel files and offices constitute public records under Ohio law. Defendants deny any other allegations in ¶ 32, and sub-parts (a), (b), (c) and (d) as inaccurate and outside of the knowledge of DPS and the Defendants. To the extent that ¶ 32 and its subparts call for legal conclusions, Defendants are not required to answer.

33. Defendants admit that Plaintiff's employment was terminated on June 29, 2010, and that Plaintiff has appealed that removal to the State Personnel Board of Review, Case No. 10-REM-09-0251. Defendants deny any allegations in ¶ 33 of Plaintiff's Complaint not specifically admitted herein.

34. Denied.

35. Denied.

36. Denied.

37. Defendants generally deny the allegations of ¶ 37 of Plaintiff's Complaint, including sub-parts (a) and (b), and deny that they treated Plaintiff differently than any similarly situated employee.

38. Defendants generally deny the allegations of ¶ 38 of Plaintiff's Complaint, including sub-parts (a), (b), (c), (d) and (e), except that Defendants admit that Plaintiff's prior employment and litigation related to his prior employment was discovered despite Plaintiff's failure to disclose that information.

39. Defendants admit that Plaintiff filed Charge No. 532-2010-02063 and that contents of that charge document speaks for itself. Deny any allegations or implications in ¶ 39 of Plaintiff's Complaint not specifically admitted herein.

40. Defendants admit that the U.S. Equal Employment Opportunity Commission issued a dismissal of the charge on or around April 15, 2011, and that the contents of that document speak for itself.

### COUNT I: VIOLATION OF 42 U.S.C. § 2000e et seq.
### NATIONAL ORIGIN/ETHNICITY DISCRIMINATION

41. Defendants incorporate their responses to ¶¶ 1 through 40 as if restated here.

42. Defendants admit that Plaintiff self-identifies as an Arab. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 42 of Plaintiff's Complaint.

43. Defendants do not deny that Plaintiff satisfactorily performed his duties while employed with OHS, but maintain that they had good cause for Plaintiff's removal from employment.

44. Defendants admit that Plaintiff was removed from employment with Ohio DPS and OHS on or around June 29, 2010, but deny it was based on discrimination or any other unlawful purpose. Defendants deny any allegations in ¶ 44 of Plaintiff's Complaint not specifically admitted herein.

45. Defendants deny that Plaintiff was similarly situated to Olen Martin, and deny the allegations of ¶ 45 of Plaintiff's Complaint.

46. Denied.

### COUNT II: VIOLATION OF 42 U.S.C. § 2000e et seq.
### RELIGIOUS DISCRIMINATION

47. Defendants incorporate their responses to ¶¶ 1 through 46 as if restated here.

48. Defendants admit that Plaintiff self-identifies as a Muslim.

6

49. Defendants do not deny that Plaintiff satisfactorily performed his duties while employed with OHS, but maintain that they had good cause for Plaintiff's removal from employment.

50. Defendants admit that Plaintiff was removed from employment with Ohio DPS and OHS on or around June 29, 2010, but deny it was based on discrimination or any other unlawful purpose. Defendants deny any allegations in ¶ 50 of Plaintiff's Complaint not specifically admitted herein.

51. Defendants deny that Plaintiff was similarly situated to Olen Martin and deny the allegations of ¶ 51 of Plaintiff's Complaint.

52. Denied.

### COUNT III: VIOLATION OF 42 U.S.C. § 1981
### RACE DISCRIMINATION

53. Defendants incorporate their responses to ¶¶ 1 through 52 as if restated here.

54. Defendants admit that Plaintiff self-identifies as Arab.

55. Defendants do not deny that Plaintiff satisfactorily performed his duties while employed with Ohio Homeland Security, but maintain that they had good cause for Plaintiff's removal from employment.

56. Defendants admit that Plaintiff's employment was terminated but deny that any discriminatory or other unlawful purpose was a factor in the decision to terminate Plaintiff's employment. Defendants deny any allegations in ¶ 56 of Plaintiff's Complaint not specifically admitted herein.

57. Defendants deny Olen Martin was similarly situated to Plaintiff, and deny the allegations of ¶ 57 of Plaintiff's Complaint.

58. Denied.

59. Denied.

## COUNT IV: VIOLATION OF 42 U.S.C. § 1981
## RETALIATION FOR OPPOSING DISCRIMINATION

60. Defendants incorporate their responses to ¶¶ 1 through 59 as if restated here.

61. Denied.

62. Denied.

63. Defendants admit that Plaintiff's employment was terminated but deny that any discriminatory or other unlawful purpose was a factor in the decision to terminate Plaintiff's employment. Defendants deny the allegations of ¶ 63 of Plaintiff's Complaint.

64. Denied.

65. Denied.

## COUNT V: VIOLATION OF 42 U.S.C. § 1983
## EQUAL PROTECTION

66. Defendants incorporate their responses to ¶¶ 1 through 65 as if restated here.

67. Defendants admit that Plaintiff self-identifies as Arab and Muslim, but deny any allegations of ¶ 67 not specifically admitted herein.

68. Defendants do not deny that Plaintiff satisfactorily performed his duties while employed with OHS, but maintain that they had good cause for Plaintiff's removal from employment.

69. Defendants admit that Plaintiff's employment was terminated but deny that any discriminatory or other unlawful purpose was a factor in the decision to terminate

8

Plaintiff's employment. Defendants deny any allegations in ¶ 69 of Plaintiff's Complaint not specifically admitted herein.

70. Defendants admit that Mr. Stickrath and Mr. Vedra were acting within the course and scope of their employment in reaching a decision to terminate the employment of Plaintiff. Defendants deny any allegations in ¶ 70 not specifically admitted herein.

71. Defendants deny Olen Martin was similarly situated to Plaintiff, and deny the allegations of ¶ 71 of Plaintiff's Complaint.

72. Denied.

73. Denied.

### COUNT VI: VIOLATION OF 42 U.S.C. § 1983
### FIRST AMENDMENT RETALIATION

74. Defendants incorporate their responses to ¶¶ 1 through 73 as if restated here.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

WHEREFORE, having answered the Plaintiff's allegations, Defendants deny that Plaintiff is entitled to any relief sought.

### ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to timely and/or properly exhaust his administrative remedies.

9

3. The applicable statute of limitations bars some or all of the claims in Plaintiff's Complaint.

4. Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory acts or behavior on the part of its employees.

5. Plaintiff unreasonably failed to utilize any preventative or corrective opportunities provided by Defendants or to avoid harm and the Defendants exercised reasonable care to prevent any alleged unlawful discriminatory and/or retaliatory behavior.

6. Defendants did not discriminate against Plaintiff, retaliate against Plaintiff or engage in any unlawful conduct against Plaintiff at any time, and their actions were reasonable, made in good faith, and based solely on legitimate, non-discriminatory and non-retaliatory reasons.

7. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages.

8. Plaintiff's claims are barred in part by the doctrine of qualified immunity.

9. Plaintiff's claims are barred in part by the doctrine of sovereign immunity.

10. Defendants expressly reserve the right to supplement this Answer and its defenses raised herein as discovery progresses.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and the Court award Defendants' reasonable attorneys' fees and such other relief to which it is entitled.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

**/s/ Rory Callahan**

RORY CALLAHAN (0072021)
*Trial Counsel*
TIMOTHY M. MILLER (0079064)
Assistant Attorneys General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3167
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
elsreview@ohioattorneygeneral.gov

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendants' Answer to Plaintiff's Complaint* was filed electronically on September 12, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**/s/ Rory Callahan**

RORY CALLAHAN (0072021)
Assistant Attorney General