# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**OMAR ALOMARI,**

    **Plaintiff,**

    v.

**OHIO DEPARTMENT OF**
**PUBLIC SAFETY,** *et al.***,**

    **Defendants.**

**Civil Action 2:11-cv-00613**
**Judge Algenon L. Marbley**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

Plaintiff, Omar Alomari, brings this employment discrimination action against Defendants Ohio Department of Public Safety ("ODPS"), Thomas Stickrath, and William J. Vedra (jointly "Defendants"), asserting claims of national origin, religion and race discrimination arising under Title VII, 42 U.S.C. § 2000 *et seq*., a claim of retaliation under 42 U.S.C. § 1981, and claims of Equal Protection violations and First Amendment retaliation under 42 U.S.C. § 1983.  (Compl. ¶¶ 41-79, ECF No. 2.)  This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery (ECF No. 44), Defendants' Memorandum in Opposition (ECF No. 49),[1] and Plaintiff's Reply (ECF No. 50).  For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Defendants' Memorandum was untimely.  Although the Court had warned the parties no fewer than five times that no further extensions would be granted, Defendants' counsel had the audacity to file a Motion for Extension of Time on the day the document was due and failed to demonstrate good cause.  The Court will not countenance such defiant conduct.  Indeed, when a party fails obey a scheduling or pretrial order, the Court has the inherent authority to strike the pleadings in whole or in part.  Fed. R. Civ. P. 16(f)(1)(c) and 37(b)(2).  Defendants submitted their Memorandum in Opposition one day after it was due.  Nevertheless, to prevent an injustice to the clients for their counsel's apparent disrespect for this Court's authority, the Court will consider Defendants' untimely Memorandum in Opposition.

**I.**

The Court incorporates by reference the factual background set forth in its August 21, 2013 Opinion and Order. (ECF No. 35.)

The discovery phase of this case has been delayed and protracted. On May 7, 2012, Plaintiff emailed his first set of discovery requests to Defendants. Soon after, Defendants requested their first two-week extension, which Plaintiff permitted. Defendants subsequently requested an additional two-week extension, which Plaintiff again permitted. Following the second extension, and despite Plaintiff's repeated demands, Defendants failed to provide their responses to the written discovery or produce any documents. Defendants' delay prompted the parties to seek an extension of the discovery deadline. On August 22, 2012, the Court granted the requested extension, extending the discovery deadline for an additional three months. (ECF No. 13.) Over the next several months, Plaintiff continued to press Defendants to respond to the outstanding discovery. On November 18, 2012, the parties sought a second extension of the discovery deadline. (ECF No. 18.) The Court again granted the requested extension, extending the discovery deadline to April 30, 2013. (ECF No. 19.)

On November 19, 2012, Defendants produced some documents, but did not provide their written responses until January 8, 2013. Plaintiff asserts that the documents Defendants produced in November 2012 were incomplete and were not classified or indexed such that he could ascertain which documents were responsive to which requests. In their written responses, Defendants objected to several of Plaintiff's discovery requests on the basis of privilege, but failed to provide a privilege log. Defendants also failed to produce documents responsive to some of the requests, asserting that no such documents existed.

Thereafter, Plaintiff learned of information contradicting Defendants' representations that certain categories of requested documents did not exist.  Specifically, in their January 2013 written responses to Plaintiff's requests for production, Defendants indicated that no public records requests regarding Plaintiff, his position, or his office within Ohio Homeland Security exist.  (Defs.' Resp. to Pl.'s First Req.for Prod. of Docs., ECF No. 44-19.)   Plaintiff learned, however, that the *Columbus Dispatch* had made a public records request.  This information prompted Plaintiff to propound supplemental requests directing Defendants to outline the methods they used to search for responsive documents.  To date, Defendants have refused to provide a response to Plaintiff's supplemental requests.

On April 11, 2013, due to Defendants' continued non-responsiveness and the approaching discovery deadline, Plaintiff sought Court intervention.  (ECF No. 23.)  On April 17, 2013, the Court held a Status Conference with the parties to discuss discovery issues and the then-pending motion seeking extension of the discovery deadline.  (ECF No. 24.)  In order to facilitate the review process, the Court directed Defendants to cooperate with Plaintiff to classify and index the documents that Defendants had produced or intended to produce.  (ECF No. 25.)  Defendants subsequently provided a general outline of the groups of documents that were produced, but indicated that the emails were not in chronological order and that the attachments did not match up with the emails.  (Defs.' May 13, 2013 Corres., ECF No. 44-17.)

On September 10, 2013, Defendants requested yet another extension of the discovery deadline.  The Court granted the extension, extending the deadline until October 4, 2013.  (ECF No. 40.)  Despite Defendants' repeated assurances that they would produce adequate supplemental documents by September 30, 2013, they failed to produce any such documents.

3

On October 2, 2013, Plaintiff filed the subject Motion to Compel Discovery. (ECF No. 44.) He seeks an Order compelling Defendants to produce a privilege log and to fully respond to his outstanding requests for production of documents. Specifically, Plaintiff sets forth twenty-five (25) requests for production of documents to which he asserts Defendants have not fully responded. Plaintiff notes that Defendants provided supplemental responses after he filed his Motion to Compel, but asserts that those responses are once again not indexed and appear to be incomplete. In the event Defendants maintain that no responsive documents exist, Plaintiff asks the Court to order Defendants to identify the search methods they utilized to locate documents. Plaintiff further seeks an award of attorneys' fees for the costs associated with his efforts to obtain the requested discovery. Finally, Plaintiff asks the Court to allow him to reopen depositions upon receipt of the documents at issue and to award him attorneys' fees and costs incurred in connection with reopening the depositions.

Defendants oppose Plaintiff's Motion. (ECF No. 49.) Defendants posit that they have already produced over 10,000 documents and are presently working towards producing an additional set of documents in response to Plaintiff's requests and supplemental requests. Although Defendants generally assert in a conclusory manner that Plaintiff's requests lack relevance or are overbroad, they do not specifically argue that any of the twenty-five at-issue requests for production are irrelevant or overbroad. Rather, Defendants assert that responsive documents either do not exist or that any responsive documents will be (or have been) produced. Defendants do not address Plaintiff's request for a privilege log.

In his Reply, Plaintiff continues to express his incredulity over Defendants' representations that no responsive documents exist with regard to certain requests. In support, Plaintiff references the instance in which he discovered that Defendants had misrepresented that

4

documents reflecting public records requests did not exist, when in fact such responsive documents were available. Plaintiff also acknowledges receiving some supplemental documentation, but emphasizes that Defendants' belated supplemental production is in no way complete.

**II.**

Plaintiff has moved the Court for an order compelling Defendants to respond to his discovery requests. Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case.

Rule 37 also contemplates a motion to compel discovery responses where a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). Rule 37 (a)(4) further provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The burden of proof rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper. *Kafele v. Javitch, Block, Eisen & Rathborne*, No. 2:03-CV-638, 2005 WL 5095186, at *1 (S.D. Ohio April 20, 2005) (citation omitted).

**III.**

As set forth above, Plaintiff seeks an Order compelling Defendants to provide a privilege log and to fully respond to twenty-five requests for production of documents. The Court considers the parties' arguments on Plaintiff's respective requests in turn.

A.     **Privilege Log**

Plaintiff indicates that although Defendants have objected to his discovery requests on the basis of privilege, they have failed to provide a privilege log to enable him to assess their claims of privilege.  As set forth above, Defendants have failed to respond to Plaintiff's arguments regarding his request for a privilege log.

Federal Rule of Civil Procedure 26(b)(5)(a) provides that :

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i)     expressly make the claim; and

(ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Fed. R. Civ. P. 26(b)(5)(a).

Defendants are required under Rule 26 to produce a privilege log given their refusal to produce certain documents on the basis of privilege.  Defendants are therefore **ORDERED** to produce a privilege log that complies with Rule 26(b)(5) **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.  *See also Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010) (setting forth the details courts require within privilege logs).

B.      **Outstanding Requests for Production**

As set forth above, Defendants assert that in addition to the responsive documents they have already produced, they are in the process of producing additional responsive documents. Defendants also assert that with regard to a number of Plaintiff's requests, no additional responsive documents exist.  Plaintiff acknowledges that Defendants produced some supplemental documents after he filed his Motion to Compel, but asserts that these supplemental

6

productions were incomplete and included documents that were non-responsive to his requests. Thus, at this juncture, the Court is unable to determine which specific document requests Plaintiff contends remain outstanding following Defendants' latest supplemental production. The Court therefore **DIRECTS** Plaintiff to provide Defendants with a list of specific document requests that Plaintiff believes have not been addressed or have been insufficiently addressed **WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER**. In addition, if Plaintiff concludes that Defendants' response to a particular request is incomplete, he must identify any of the perceived inadequacies. Defendants are **ORDERED** to respond fully to those requests and to classify and index the documents in such a way as to facilitate the review process **WITHIN SEVEN (7) DAYS** after receipt of the aforementioned list from Plaintiff.

In the event that Defendants maintain that no further responsive documents exist, Defendants and/or Defense counsel are **DIRECTED** to set forth, in affidavits, the steps they took to locate and produce responsive documents. Defense counsel must execute an affidavit certifying that Defendants have completed a reasonable inquiry in locating and producing responsive documents and that all responsive documents of which they are aware have been produced. The affidavits must confirm that their efforts in locating responsive documents are complete. The Court concludes that full disclosure of Defendants' and Defense counsel's search efforts is necessary here for a number of reasons. First, Defendants have demonstrated a pattern of inexcusable delay and non-responsiveness throughout the discovery phase of this case. Plaintiff served his first set of requests for production of documents on Defendants on May 7, 2012. Yet, nearly a year and a half later in their October 16, 2013 Memorandum in Opposition, Defendants represent that they are still in the process of producing responsive documents. Defendants' delay has also prompted the parties to seek three extensions of the discovery

deadlines, notwithstanding this Court's admonition that no further extensions would be granted. (*See* ECF Nos. 12, 18, 19 and 22.) Review of the twenty-five requests at issue reveals that Defendants' delays were not warranted. The at-issue requests are reasonable and not unduly burdensome. Second, with regard to one of the requests at issue, Plaintiff has provided evidence refuting Defendants' representation that no responsive documents exist. Finally, Defendants failed to comply with the Court's directive to index the documents to facilitate the review process. (*See* ECF No. 25.)

Of course, Defendants have no obligation to create documents that do not exist. Further, in the event Defendants indicate that, after a reasonable inquiry, particular types of documents Plaintiff seeks do not exist, the Court will accept Defendants' efforts as complete. Put another way, Plaintiff's speculation that additional documents must exist will be insufficient to compel judicial involvement unless he offers evidence that Defendants are improperly withholding documents.

**C.     Reopen Depositions**

Plaintiff's request to reopen depositions is **DENIED WITHOUT PREJUDICE** to filing a renewed motion upon receipt of Defendants' privilege log and their responses to Plaintiff's outstanding discovery. In the event Plaintiff determines that it is necessary to redepose certain witnesses, his renewed motion must specify which depositions he seeks to reopen, the purpose of reopening each deposition, and a proposed timeline in which to complete the depositions. The Court will then consider the extent to which depositions can be reopened.

**D.     Sanctions Under Rule 37**

Plaintiff asks this Court for an award of his attorneys' fees and costs incurred in attempting to resolve these ongoing discovery disputes and in bringing the instant Motion.

Plaintiff asserts that he filed the instant Motion as a last resort, after numerous telephone conferences and exchanges of correspondence.  Defendants object to Plaintiff's request for attorneys' fees, emphasizing that they produced the documents first in November 2012 and supplemented their production in October 2013, after Plaintiff filed his Motion to Compel.

Rule 37(a)(5)(A) provides as follows:

*If the Motion Is Granted* (*or Disclosure or Discovery Is Provided After Filing*).  If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

(i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The Court concludes that Plaintiff is entitled to attorneys' fees under Rule 37(a)(5)(A).  Despite Court intervention and numerous telephone conferences and exchanges of correspondence between Plaintiff's and Defendants' counsel and the twenty intervening months since service of Plaintiff's discovery requests, Defendants' production remains deficient.  Defendants have also failed to index and classify the produced documents in a way that would facilitate the review process, despite the Court's directive to do so.  Under these circumstances, the Court concludes that Plaintiff is entitled to recover its reasonable attorneys' fees pursuant to Rule 37.  The Court limits the fee award, however, to fees incurred in connection with filing the

instant Motion, review of Defendants' Memorandum in Opposition, and preparation of his Reply to Defendants' Memorandum in Opposition.

The Court encourages the parties to reach an agreement concerning the appropriate amount of fees to be awarded.  In the event the parties cannot reach such an agreement, Plaintiff shall file a supplemental memorandum in support of its requested attorneys' fees and expenses, setting forth information that would permit the Court to assess the reasonableness of the fees requested, including the timekeeper, rate, and explanation of work, to the extent counsel may do so without violating the attorney-client privilege **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

## IV.

For the reasons set forth above, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**  (ECF No. 44.)  With respect to documents already provided, Defendants are **DIRECTED** to provide a privilege log to the extent that they are withholding responsive documents on the basis of privilege **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER.**  Plaintiff is **DIRECTED** to provide a list of specific document requests that he contends remain incomplete **WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER**.  Defendants are **ORDERED** to respond fully to Plaintiff's requests and to classify and index the documents in such a way as to facilitate the review process **WITHIN SEVEN (7) DAYS** after receipt of the aforementioned list from Plaintiff.  In connection with this production, Defendants are **DIRECTED** to provide a privilege log to the extent that they are withholding responsive documents on the basis of privilege. Further, Defendants are **DIRECTED** to set forth in affidavits the search methods they used to locate responsive documents as outlined in this Order to the extent that they maintain no further responsive

documents exist.  Plaintiff's request to reopen depositions is **DENIED WITHOUT PREJUDICE** to filing a renewed motion upon receipt of Defendants' privilege log and responses to Plaintiff's outstanding discovery requests.  Finally, Defendants' counsel is **ORDERED** to pay Plaintiff his reasonable attorneys' fees and expenses associated with bringing this Motion.

    **IT IS SO ORDERED**.

Date:  October 30, 2013                           /s/ *Elizabeth A. Preston Deavers*
                                                               Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge